UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JEROME SMITH                    CIVIL ACTION NO. 04-0055

VERSUS                          U.S. DISTRICT JUDGE DEE D. DRELL

ANTHONY J. PRINCIPI             U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is a motion to dismiss filed by defendant, the United States, **doc. #60,** and referred to me for report and recommendation. The motion is filed pursuant to FRCP Rule 12(b)(1) and asserts that this court has no subject matter jurisdiction over the claims of plaintiff.

FRCP Rule 12(b)(1) allows a party to challenge the subject matter jurisdiction of the court. Ramming v. U.S., 281 F.3d 161 (5th C. 2001). A claim is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. See Home Builders Assoc. Inc. v. Madison, 143 F.3d 1006 (5th C. 1998). Because federal courts are courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. See Stockman v. Fed. Election Comm., 138 F.3d 144, 151 (5th C. 1998). A court may go outside the pleadings and consider additional facts and may resolve contested issues of fact in deciding a Rule 12(b)(1) motion to dismiss.

This is a suit to increase the damages to a federal employee

awarded in an administrative proceeding. Title VII of the Civil Rights Act of 1964 creates a right of action for certain federal employees who allege employment discrimination on the basis of race, color, religion, sex or national origin. 42 U.S.C.A. 2000e-16(c). An administrative claim must be filed and a decision by the agency is made. An appeal of the agency decision is allowed. Both compensatory damages and attorney fees may be awarded.

In this case, plaintiff, Jerome Smith (Smith) filed a formal complaint of discrimination regarding his employment with the Department of Veterans Affairs (VA) in 1993. Plaintiff requested a hearing before the Equal Employment Opportunity Commission (EEOC) which found discrimination and that plaintiff was entitled to damages. However, the VA rejected that recommendation. Plaintiff appealed to the EEOC's Office of Federal Operations (OFO)which reversed the VA's decision and ordered the VA to award damages. The VA the awarded the sum of $30,000 in non-pecuniary damages which it paid to the plaintiff. Plaintiff cashed the check.

Then, plaintiff appealed again, this time arguing to the OFO that the damages awarded were inadequate. The OFO agreed, and ordered the VA to pay the plaintiff the total sum of $80,000. Because the VA had already paid plaintiff $30,000, it issued a second check to him in the amount of $50,000, which plaintiff also cashed.

Plaintiff does not contest the finding of discrimination, which

was, of course, in his favor. He only seeks an increase in the amount of damages awarded. However, as the government correctly points out in brief, the statutes allow only two kinds of appeals to federal court: to enforce the administrative award or to have a de-novo review of the administrative decision. 42 U.S.C.A. 2000e-16(c),

In this case it is clear that plaintiff does not seek to enforce the administrative decision, for it has been complied with by the government paying plaintiff the full $80,000 which was awarded. Thus plaintiff's only other statutory alternative for appeal is to seek a de-novo review of the agency decision. However, plaintiff does not seek full de-novo review and, as the government points out in brief, he has not returned the $80,000 awarded him or the attorney fees he received. Plaintiff's only choice is to retry both liability and the award; he may not pick and choose the portions of the agency determination with which he disagrees and appeal only those parts. See Scott v. Johanns, 409 F.3d 466 (D.C. Cir. 2005); Timmons v. White, 314 F.3d 1229, 1233 (10th Cir. 2003); Laber v. Harvey, 438 F.3d 404, 423-4 (4th Cir. 2006); Ellis v. England, 432 F.3d 1321, 1325 (11th Cir. 2005); St. John v. Potter, 299 Supp.2d 125, 128-129 (ED N.Y. 2004).

Plaintiff, in brief, cites Louisiana authorities in arguing that the "contract" of "settlement" was not enforceable for several reasons. However, the argument misses the point for at least two

reasons. First, Louisiana law is not applicable to this action based on federal statutory law. Second, there was no settlement and defendant does not argue settlement as a defense. Defendant's argument is that piecemeal appeals of a portion of the administrative decision are not allowed under federal statutory and jurisprudential authority, as discussed above.

Alternatively, Plaintiff argues that he is seeking de-novo review of the decision. However, it is clear from his brief that he is really seeking only an increase in damages. Further, plaintiff has accepted the $80,000 without providing notice to anyone that he would or might appeal the entire administrative decision. Plaintiff has returned neither the monies nor the attorney fees. As the St. John court noted, "defendant has a right to expect that payment rendered in full satisfaction of a valid order of an administrative agency will not be ignored or undone." Plaintiff has accepted the administrative award without contemporaneous appeal seeking de-novo review and he has not returned the money. He may not now re-characterize what is clearly a request to increase the amount of damages, as a request for de-novo review.

For the foregoing reasons IT IS RECOMMENDED that the complaint be dismissed for lack of subject matter jurisdiction under FRCP 12(b)(1).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and

Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 24th day of October, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE